**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

IN RE: ZA TRUCKING LLC
Debtor.

Case No.: 26-01489
Chapter 7 Bankruptcy Proceeding

DOUGLAS TRANSPORTATION SERVICES INC.
PLAINTIFF
VS.
ZA TRUCKING LLC
DEFENDANT

**OBJECTION OF DOUGLAS TRANSPORTATION SERVICES INC. TO DEBTOR ZA TRUCKING LLC'S MOTION TO DISMISS AND MOTION FOR CONDITIONS ON DISMISSAL**

Comes now Interested Party, Douglas Transportation Services Inc., by its attorney, Tracy A. Coleman, **COLEMAN LAW GROUP LLC**, and files its response to ZA Trucking LLC's Motion to Dismiss. Douglas Transportation Services Inc. responds as follows:

## I. INTRODUCTION

Douglas Transportation Services Inc. ("Douglas Transportation" or "Creditor") hereby objects to the motion to dismiss filed by ZA Trucking LLC ("Debtor" or "ZA Trucking") and respectfully moves this Court to condition any dismissal upon (1) full payment of the judgment entered in favor of Douglas Transportation on April 10, 2026, and (2) an order barring ZA Trucking from filing a subsequent bankruptcy petition.

ZA Trucking filed its bankruptcy petition in this Court on May 5, 2026—less than one month after Douglas Transportation obtained a judgment against it—without providing notice to Douglas Transportation despite knowing of the judgment. The Debtor is an Indiana corporation with no legitimate connection to Michigan and filed in this District for the improper purpose of evading its obligation to Douglas Transportation and delaying enforcement of the judgment.

This Court has authority under 11 U.S.C. §§ 349(a) and (b), 707(a), and 1112(b) to impose conditions on dismissal to prevent abuse of the bankruptcy process and protect creditor interests.

The totality of the circumstances demonstrates that ZA Trucking filed this bankruptcy petition in bad faith to thwart a legitimate judgment creditor, and Douglas Transportation will suffer substantial prejudice if dismissal occurs without conditions. Accordingly, this Court should deny the motion to dismiss unless ZA Trucking pays Douglas Transportation in full and should bar ZA Trucking from refiling bankruptcy for a period to be determined by the Court.

## II. STATEMENT OF FACTS

1. Douglas Transportation brought claims against ZA Trucking LLC under Cause No.: 45D01-2504-CE-0000021, in Lake Superior Court, Hammond, Indiana (State Court Action). (Exhibit 1)
2. That Debtor ZA Trucking is a Domestic Liability Corporation, has a principal office address at 9219 Indianapolis Blvd., Highland, Indiana and can be served by its registered agent: REGISTERED AGENTS INC., 5534 Saint Joe Road, Fort Wayne, IN 46835.
3. ZA Trucking is registered with the United States Department of Transportation and is assigned a USDOT Number and can be served through its company by serving ZA TRUCKING LLC, 6111 Harrison Avenue, Merrillville, IN 46410.
4. On June 13, 2025, Plaintiff filed a Verified Amended Complaint against ZA Trucking which included: Count I – Replevin, Count II – Declaratory Judgment, Count III – Conversion, and Count IV – Civil Conspiracy. (Exhibit 1)
5. ZA Trucking had legal representation in the State Court Action.
6. On April 10, 2026, the State Court awarded Douglas Transportation the amount of Five Hundred Fifty-One Thousand Forty Dollars and Seventy-Two Cents ($551,040.72) against ZA Trucking. (Exhibit 2)

7. Rather than satisfy this judgment, Debtor ZA Trucking LLC filed bankruptcy less than one month later.
8. The judgment against ZA Trucking arose from false pretense, false representations and/or actual fraud and theft.
9. Douglas Transportation's claims and judgments are non-dischargeable pursuant to 11 U.S.C. 523 (a)(2)(A) and (a)(4).
10. That on May 5, 2026, ZA Trucking filed bankruptcy in the United States Bankruptcy Court – Western District of Michigan.
11. ZA Trucking did not notify Douglas Transportation of the filing of the bankruptcy in the Western District of Michigan.
12. ZA Trucking's failure to serve Douglas Transportation with notice of the bankruptcy filing further demonstrates bad faith.
13. Douglas Transportation had to discover the bankruptcy filing through its own efforts rather than receiving proper notice.
14. This failure to provide notice is consistent with ZA Trucking's pattern of disregarding Douglas Transportation's legal rights – first through conversion and fraud, then through failure to provide required bankruptcy notice.
15. That on May 5, 2026, ("Petition Date"), ZA Trucking filed a voluntary petition with this Court for relief under Chapter 7 of the United States Bankruptcy Code.
16. That Kelly M. Hagan, (Trustee) is the duly appointed, acting and serving Trustee for this Chapter 7 case.
17. That on said statement of financial affairs for non-individuals filing for bankruptcy, ZA Trucking listed its income as follows:

| | |
|---|---|
| 1/02/2025 to 12/31/2025 | $11,156,551.00 |
| 1/01/24 to 12/31/2024 | $9,058,174.00 |

18. That on Part 3 of its petition for Legal Actions and Assignments, ZA Trucking did not list the State Court Action under Cause No.: 45D01-2504-CE-0000021, in Lake Superior Court, Hammond, Indiana action where judgment in the amount of Five Hundred Fifty-One Thousand Forty Dollars and Seventy-Two Cents ($551,040.72) had been entered against ZA Trucking on April 10, 2026. (Exhibit 2)
19. That on June 23, 2026, Tracy A. Coleman, COLEMAN LAW GROUP LLC entered their appearance on behalf of Douglas Transportation in the current bankruptcy proceeding and requested notices on behalf of Douglas Service Transportation Services Inc.
20. On June 23, 2026, counsel for Interested Party, Douglas Transportation attended the 341 meeting of Creditors.
21. That on July 5, 2026, Trustee Hagan sought to engage the services of an accountant.
22. That on or about July 8, 2026, Trustee Hagan scheduled the First Meeting on July 21, 2026 @ 11:00 am.
23. That on July 9, 2026, ZA Trucking filed a Motion to Dismiss.
24. That Douglas Transportation files its response to ZA Trucking's Motion to Dismiss

## III. LEGAL STANDARD

Section 349(a) of the Bankruptcy Code provides that dismissal of a bankruptcy case ordinarily does not prejudice the debtor with regard to filing a subsequent petition, but this rule is subject to an express exception: "Unless the court, for cause, orders otherwise." 11 USCS § 349, 11 USCS § 349. This language grants bankruptcy courts discretion to impose conditions on

dismissal when cause exists to protect creditors or prevent abuse of the bankruptcy process. In re Frieouf, 938 F.2d 1099 (10th Cir. 1991).

Section 707(a) authorizes dismissal of a Chapter 7 case "only after notice and a hearing and only for cause." 11 USCS § 707. Courts have consistently held that a debtor's bad faith in filing bankruptcy constitutes "cause" for dismissal under Section 707(a), even when the bad faith conduct is not explicitly enumerated in the statute. Krueger v. Torres (In re Krueger), 812 F.3d 365 (5th Cir. 2016). The statutory grounds for dismissal under Section 707(a) are illustrative, not exhaustive, and the concept of "cause" encompasses bad faith filings made to delay creditors, avoid legitimate judgments, or otherwise abuse the bankruptcy process. Krueger v. Torres (In re Krueger), 812 F.3d 365 (5th Cir. 2016).

Similarly, Section 1112(b) permits dismissal of a Chapter 11 case "for cause," and courts have interpreted this provision to include lack of good faith in filing the petition. St. Paul Self Storage Ltd. P'ship v. Port Auth. (In re St. Paul Self Storage Ltd. P'ship), 185 B.R. 580 (B.A.P. 9th Cir. 1995). Bad faith is not defined by a single rigid test but is determined based on the totality of the circumstances, including the debtor's financial condition, motives, timing of the filing, and the local financial realities. Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.), 235 F.3d 375 (8th Cir. 2000).

A bankruptcy court may also deny a debtor's motion to voluntarily dismiss when dismissal would prejudice creditors or when the debtor has engaged in misconduct. Turpen v. Eide (In re Turpen), 244 B.R. 431 (B.A.P. 8th Cir. 2000), Bartee v. Ainsworth (In re Bartee), 317 B.R. 362 (B.A.P. 9th Cir. 2004). Unlike Chapter 13 debtors, Chapter 7 debtors have no absolute right to dismissal and must establish cause for dismissal while demonstrating that dismissal will not

cause legal prejudice to interested parties. Bartee v. Ainsworth (In re Bartee), 317 B.R. 362 (B.A.P. 9th Cir. 2004).

Bankruptcy Rule 1017(a) requires notice and a hearing before dismissing a case on the debtor's motion, for want of prosecution, or for other cause. USCS Bankruptcy R 1017, USCS Bankruptcy R 1017. This procedural requirement ensures that creditors have an opportunity to be heard on dismissal motions and that courts consider the impact of dismissal on creditor interests.

## IV. ARGUMENT

### 1. The Court Should Deny Dismissal or Condition Dismissal on Full Payment to Douglas Transportation Because the Petition Was Filed in Bad Faith.

#### a. Legal Standard for Bad Faith Dismissal

A bankruptcy petition filed in bad faith constitutes cause for dismissal under 11 U.S.C. §§ 707(a) and 1112(b), and courts evaluate bad faith based on the totality of the circumstances. Krueger v. Torres (In re Krueger), 812 F.3d 365 (5th Cir. 2016), St. Paul Self Storage Ltd. P'ship v. Port Auth. (In re St. Paul Self Storage Ltd. P'ship), 185 B.R. 580 (B.A.P. 9th Cir. 1995). Courts consider multiple factors to determine whether a debtor filed in bad faith, including: (1) whether the debtor has only one asset; (2) whether the debtor has few unsecured creditors; (3) whether the timing of the filing evidences an intent to delay or frustrate creditors' legitimate efforts to enforce their rights; (4) whether the debtor filed to evade court orders or avoid posting an appeal bond; (5) whether the debtor has an ongoing business or employees; (6) whether the debtor engaged in improper pre-petition conduct; (7) whether the petition effectively allows the debtor to evade court orders; and (8) the lack of possibility of reorganization. In re Phx. Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988), In re Charfoos, 979 F.2d 390 (6th Cir. 1992).

"An entity may not file a petition for reorganization which is solely designed to attack a judgment collaterally—the debtor must have some intention of reorganizing." C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.), 113 F.3d 1304 (2d Cir. 1997). When a debtor files bankruptcy immediately after entry of an adverse judgment with no legitimate reorganization purpose, the petition constitutes an impermissible use of Chapter 11 or Chapter 7. C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.), 113 F.3d 1304 (2d Cir. 1997).

Dismissal for bad faith "should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct or gross negligence." In re Charfoos, 979 F.2d 390 (6th Cir. 1992). However, courts also dismiss cases where the debtor is a financially solvent entity that files bankruptcy to escape a civil judgment or gain a litigation advantage. Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.), 235 F.3d 375 (8th Cir. 2000).

Courts evaluate the debtor's honesty in the bankruptcy process, including whether the debtor attempted to mislead the court, whether the Bankruptcy Code is being unfairly manipulated, and the debtor's motivation and sincerity in seeking relief. Sullivan v. Solimini (In re Sullivan), 326 B.R. 204 (B.A.P. 1st Cir. 2005). The hallmark inquiry is "whether the debtor is attempting to thwart his creditors, or is making an honest effort to repay them to the best of his ability." Sullivan v. Solimini (In re Sullivan), 326 B.R. 204 (B.A.P. 1st Cir. 2005).

**b. ZA Trucking's Bankruptcy Filing Satisfies Multiple Bad Faith Factors**

The facts of this case demonstrate egregious bad faith under controlling precedent.

**i. Timing Evidence Intent to Delay Enforcement of Judgment**

ZA Trucking filed its bankruptcy petition on May 5, 2026—less than one month after Douglas Transportation obtained a judgment against it on April 10, 2026. This timing is paradigmatic of bad faith. In *In re Wally Findlay Galleries (New York), Inc.*, the bankruptcy court dismissed a Chapter 11 case as a bad faith filing after finding that "the petition was filed the same day that judgments on [certain] promissory notes were entered in the state court." C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.), 113 F.3d 1304 (2d Cir. 1997). The court concluded that "the debtor filed its petition herein to avoid the consequences of adverse state court decisions while it continues litigating," and that filing to "relitigate" rather than reorganize "is an impermissible use of Chapter 11." C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.), 113 F.3d 1304 (2d Cir. 1997).

Similarly, in *In re Phoenix Piccadilly, Ltd.*, the Eleventh Circuit affirmed dismissal where "the timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights." In re Phx. Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988). Courts consistently hold that filing bankruptcy immediately after an adverse judgment, with no intervening financial distress or legitimate reorganization purpose, constitutes cause for dismissal. In re Phx. Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988), Marsch v. Marsch (In re Marsch), 36 F.3d 825 (9th Cir. 1994), C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.), 113 F.3d 1304 (2d Cir. 1997).

ZA Trucking filed its bankruptcy less than a month from the date of when Douglas Transportation was awarded its judgment in the amount of Five Hundred Fifty-One Thousand Forty Dollars and Seventy-Two Cents ($551,040.72) against ZA Trucking. The inference is inescapable - ZA Trucking filed its bankruptcy in Michigan to halt Douglas Transportation's collection efforts and avoid satisfying the judgment.

### ii. Improper Venue Selection to Forum Shop and Avoid Indiana Judgment

ZA Trucking is an Indiana corporation with its principal place of business in Indiana. ZA Trucking LLC is registered with the United States Department of Transportation and has a service address in Indiana. ZA Trucking has a registered agent in Indiana. That according to the public record of the Indiana Secretary of State, the Member on public record for ZA Trucking LLC is Sonja Sabo-Djuric, 9219 Indianapolis Blvd, B 100, Highland, IN 46322. (Exhibit 4).

Despite these Indiana connections, ZA Trucking filed bankruptcy in the Western District of Michigan, a forum with no legitimate relationship to the ZA Trucking's operations, assets, or creditors. Improper venue selection and forum shopping constitute evidence of bad faith. The factors courts use to evaluate bad faith include "the existence of foreclosure and state actions" and "forum shopping." In re Phx. Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988). When a debtor selects a distant venue with no connection to the debtor's business, and does so to escape adverse state court rulings or gain a perceived tactical advantage, dismissal is warranted. St. Paul Self Storage Ltd. P'ship v. Port Auth. (In re St. Paul Self Storage Ltd. P'ship), 185 B.R. 580 (B.A.P. 9th Cir. 1995).

In *United States Trustee v. Sorrells (In re Sorrells)*, the district court held that when venue is improper, the bankruptcy court must dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a) and Fed. R. Bankr. P. 1014(a)(2). United States Tr. v. Sorrells (In re Sorrells), 218 B.R. 580 (B.A.P. 10th Cir. 1998). The court cannot retain a case filed in an improper venue. United States Tr. v. Sorrells (In re Sorrells), 218 B.R. 580 (B.A.P. 10th Cir. 1998). Here, ZA Trucking's selection of Michigan—a jurisdiction with no connection to its business—demonstrates an intent to escape the Indiana judgment and forum shop for a more favorable court.

### iii. Failure to Notify Judgment Creditor Demonstrates Intent to Thwart Creditor Rights

ZA Trucking failed to notify Douglas Transportation of the bankruptcy filing despite knowing of the April 10, 2026 judgment. This failure to provide notice demonstrates an intent to conceal the bankruptcy from the very creditor ZA Trucking sought to evade. Courts consider the debtor's honesty in the bankruptcy process, including whether the debtor attempted to mislead the court or made misrepresentations. Sullivan v. Solimini (In re Sullivan), 326 B.R. 204 (B.A.P. 1st Cir. 2005). Failing to notify a known judgment creditor of a bankruptcy filing within weeks of the judgment. Also, in an attempt to thwart Douglas Transportation rights, ZA Trucking did not list the State Action with Douglas Transportation on its bankruptcy petition and failed to list Douglas Transportation on the list of creditors or where it was needed for lawsuit.

### iv. Adverse Authority is Distinguishable

While Section 349(a) provides that dismissal ordinarily does not prejudice the debtor with regard to filing a subsequent petition, this rule applies "[u]nless the court, for cause, orders otherwise." 11 USCS § 349, 11 USCS § 349. The statutory language expressly contemplates exceptions when cause exists.

Cases holding that debtors have a right to dismissal are distinguishable because they involve good faith filings where no creditor prejudice would result from dismissal. In *Viegelahn v. Lopez (In re Lopez)*, the Fifth Circuit held that upon voluntary dismissal of a Chapter 13 case, property of the estate must be returned to the debtor unless the court orders otherwise for cause. Viegelahn v. Lopez (In re Lopez), 897 F.3d 663 (5th Cir. 2018). That case involved property distribution issues upon dismissal, not conditions to prevent refiling by a bad faith debtor. Here, Douglas Transportation does not seek to retain estate property but to condition dismissal on payment and prevent serial bad faith filings.

Similarly, *In re Frieouf* involved the 180-day bar in Section 109(g) on refiling after dismissal for willful failure to comply with court orders. In re Frieouf, 938 F.2d 1099 (10th Cir. 1991). The court held that Section 349(a) ordinarily allows refiling, but the opinion expressly recognized the "for cause" exception. In re Frieouf, 938 F.2d 1099 (10th Cir. 1991). Here, the Debtor's bad faith filing and timing constitute cause to bar refiling beyond the 180-day period.

**v. Policy Rational Supports Dismissal with Conditions**

Permitting ZA Trucking to dismiss its bankruptcy case without conditions would reward forum shopping, judgment evasion, and manipulation of the bankruptcy process. Such a result would undermine the integrity of both the state court judgment system and the bankruptcy system.

The Bankruptcy Code is designed to provide relief to honest but unfortunate debtors, not to provide a tactical weapon for judgment debtors to evade legitimate obligations. Allowing a debtor to file bankruptcy immediately after an adverse judgment, in an improper venue, without notice to the judgment creditor, and then voluntarily dismiss without consequence, would create perverse incentives for abuse.

Conditioning dismissal on payment to Douglas Transportation and barring refiling serves the policies of deterring bad faith filings, protecting creditor rights, and preserving the legitimacy of the bankruptcy system. Courts have inherent authority to fashion appropriate remedies to prevent abuse, and conditioning dismissal is a narrowly tailored remedy that addresses the specific harm caused by ZA Trucking's conduct.

ZA Trucking filed bankruptcy less than one month after Douglas Transportation obtained a judgment, in an improper venue, without notifying the judgment creditor, and with no legitimate reorganization purpose. These facts establish bad faith under controlling precedent,

and the Court should deny dismissal or condition dismissal on full payment to Douglas Transportation to prevent ZA Trucking from achieving the very result its bad faith filing sought.

**2. The Court Has Authority Under Section 349 (a) to Condition Dismissal on Full Payment to Douglas Transportation Services Inc.**

**a. Section 349 (a) Grants Discretion to Impose Conditions "For Cause"**

Section 349(a) provides that dismissal ordinarily does not prejudice the debtor with regard to filing a subsequent petition "[u]nless the court, for cause, orders otherwise." 11 USCS § 349, 11 USCS § 349. This language grants bankruptcy courts broad discretion to fashion conditions on dismissal when necessary to protect creditors or prevent abuse.

The phrase "for cause" is not defined by statute and is interpreted flexibly based on the circumstances. Courts consider prejudice to creditors, debtor misconduct, and the purposes of the bankruptcy system in determining whether cause exists to impose conditions. Turpen v. Eide (In re Turpen), 244 B.R. 431 (B.A.P. 8th Cir. 2000), Bartee v. Ainsworth (In re Bartee), 317 B.R. 362 (B.A.P. 9th Cir. 2004).

In *Turpen v. Eide (In re Turpen)*, the Fifth Circuit held that a bankruptcy court may deny a motion to dismiss where the debtor has failed to account honestly for assets, circumstances would prejudice creditors, or the debtor's credibility is in question. Turpen v. Eide (In re Turpen), 244 B.R. 431 (B.A.P. 8th Cir. 2000). The court emphasized that while a debtor may voluntarily choose to file bankruptcy, the debtor "does not enjoy the same discretion to withdraw his case once it has been commenced." Turpen v. Eide (In re Turpen), 244 B.R. 431 (B.A.P. 8th Cir. 2000).

Section 349(b) provides that upon dismissal, property of the estate revests in the entity in which such property was vested immediately before commencement of the case "[u]nless the court, for cause, orders otherwise." 11 USCS § 349, Viegelahn v. Lopez (In re Lopez), 897 F.3d

663 (5th Cir. 2018). This parallel "for cause" language demonstrates Congress's intent to grant courts discretion to prevent dismissal from unfairly prejudicing creditors or rewarding debtor misconduct.

**b. Douglas Transportation Will Suffer Substantial Prejudice if Dismissal Occurs Without Payment**

Prejudice to creditors constitutes cause to deny or condition dismissal. Turpen v. Eide (In re Turpen), 244 B.R. 431 (B.A.P. 8th Cir. 2000), Bartee v. Ainsworth (In re Bartee), 317 B.R. 362 (B.A.P. 9th Cir. 2004). Douglas Transportation obtained a valid judgment against ZA Trucking on April 10, 2026. If the Court permits ZA Trucking to dismiss this bankruptcy case without paying the judgment, Douglas Transportation will be forced to return to state court to enforce its judgment—precisely the collection action ZA Trucking filed bankruptcy to avoid.

In *Bartee v. Ainsworth (In re Bartee)*, the Ninth Circuit held that a debtor must establish cause to obtain dismissal of a voluntary Chapter 7 case and must prove that dismissal would not prejudice creditors. Bartee v. Ainsworth (In re Bartee), 317 B.R. 362 (B.A.P. 9th Cir. 2004). The court held that dismissal would prejudice creditors in an asset case because "there is no guarantee that debtors will pay their debts outside of bankruptcy." Bartee v. Ainsworth (In re Bartee), 317 B.R. 362 (B.A.P. 9th Cir. 2004).

Here, Douglas Transportation has a judgment that ZA Trucking has actively sought to avoid through bad faith bankruptcy filing. There is no guarantee that ZA Trucking will satisfy the judgment if dismissal is granted without conditions. Douglas Transportation will suffer the prejudice of further delay, additional litigation expense, and potential dissipation of assets. Moreover, ZA Trucking's failure to notify Douglas Transportation of the bankruptcy filing demonstrates an intent to conceal the case and deprive Douglas Transportation of its rights.

Permitting dismissal without conditions would reward this misconduct and leave Douglas Transportation worse off than if the bankruptcy had never been filed.

**c. Conditioning Dismissal on Payment Serves the Purposes of Section 349**

Section 349(b) provides that dismissal ordinarily reinstates proceedings that were superseded by the bankruptcy filing and revests property in the entity that held it pre-petition. 11 USCS § 349, 11 USCS § 349. The purpose of dismissal is to restore parties as closely as possible to the pre-bankruptcy status quo. Viegelahn v. Lopez (In re Lopez), 897 F.3d 663 (5th Cir. 2018).

Here, the pre-bankruptcy status quo included a valid judgment in favor of Douglas Transportation. Conditioning dismissal on payment of that judgment restores the status quo by ensuring that Douglas Transportation receives the benefit of its judgment without the delay and expense caused by ZA Trucking's bad faith filing.

Alternatively, if the Court declines to require payment as a condition of dismissal, the Court should at minimum require ZA Trucking to post a bond, provide adequate security and to disclose all of its financial assets (banks, bank account numbers, properties, receivables, cash statements, investments and all other financial information) to ensure that Douglas Transportation can enforce its judgment upon dismissal.

**d. Policy Considerations Support Conditioning Dismissal on Payment**

Bankruptcy courts have a duty to prevent abuse of the bankruptcy process and protect the integrity of the system. Permitting a judgment debtor to file bankruptcy in bad faith, forum shop to an improper venue, fail to notify the judgment creditor, and then dismiss without consequence would create a roadmap for future abuse.

Conditioning dismissal on payment serves multiple policy goals: (1) deterring bad faith filings, (2) protecting creditor rights, (3) preventing manipulation of the bankruptcy system, (4) respecting state court judgments, and (5) ensuring that bankruptcy relief is reserved for honest debtors facing genuine financial distress.

Courts have recognized that "dismissal based on lack of good faith must be undertaken on an ad hoc basis" and that the determination depends on the totality of circumstances. In re Charfoos, 979 F.2d 390 (6th Cir. 1992). Here, the totality of circumstances—including the timing, venue selection, failure to notify, and lack of reorganization purpose—warrants conditioning dismissal on payment to Douglas Transportation.

Section 349(a) grants this Court discretion to condition dismissal on payment when cause exists. Douglas Transportation will suffer substantial prejudice if dismissal occurs without payment of the judgment ZA Trucking sought to evade through its bad faith filing. Conditioning dismissal on payment restores the pre-bankruptcy status quo, deters future abuse, and serves the purposes of the Bankruptcy Code.

**3. The Court Should Bar ZA Trucking from Filing a Subsequent Bankruptcy Petition**

**a. Section 349 (a) Authorizes Bars on Refiling "For Cause"**

Section 349(a) provides that dismissal does not prejudice the debtor with regard to filing a subsequent petition "except as provided in section 109(g)" and "[u]nless the court, for cause, orders otherwise." 11 USCS § 349, 11 USCS § 349, In re Frieouf, 938 F.2d 1099 (10th Cir. 1991).

Section 109(g) bars an individual or family farmer from being a debtor if, within the preceding 180 days, (1) the prior case was dismissed for willful failure to abide by court orders

or appear before the court, or (2) the debtor requested and obtained voluntary dismissal following a creditor's motion for relief from stay. In re Frieouf, 938 F.2d 1099 (10th Cir. 1991). However, Section 349(a)'s "for cause" language is broader than Section 109(g) and permits courts to impose refiling bars beyond the 180-day period when warranted by the circumstances. In *In re Frieouf*, the Ninth Circuit held that Section 349(a)'s language is plain and that courts have discretion to order otherwise "for cause." In re Frieouf, 938 F.2d 1099 (10th Cir. 1991).Courts have imposed refiling bars in cases involving bad faith filings, serial filings to delay creditors, and manipulation of the bankruptcy process. In re Graven, 936 F.2d 378 (8th Cir. 1991). In *In re Graven*, the Eighth Circuit affirmed denial of voluntary dismissal where the debtors sought dismissal after enjoying the protection of the automatic stay for over a year, just as the trustee prepared to present evidence of their wrongdoing. In re Graven, 936 F.2d 378 (8th Cir. 1991). The court emphasized that debtors cannot abuse the bankruptcy process and then dismiss to avoid consequences.

**b. ZA Trucking's Conduct Warrants a Bar on Refiling**

ZA Trucking's bad faith filing, improper venue selection, and failure to notify Douglas Transportation warrant an order barring refiling for a period to be determined by the Court. Without such an order, ZA Trucking could simply file another bankruptcy petition—potentially in yet another improper venue—to continue delaying enforcement of Douglas Transportation's judgment.

Courts consider the risk of serial filings and ongoing abuse in determining whether to bar refiling. Here, ZA Trucking has demonstrated a willingness to manipulate the bankruptcy system to avoid a legitimate judgment. Absent a bar on refiling, Douglas Transportation faces the prospect of repeated bankruptcy filings designed to delay and frustrate collection efforts.

The bar on refiling serves the same deterrent and protective purposes as conditioning dismissal on payment: it prevents ZA Trucking from achieving through serial filings what it sought to achieve through the initial bad faith filing.

**c. The Court Should Impose a Bar Period Sufficient to Allow Douglas Transportation to Enforce Its Judgment**

Douglas Transportation respectfully requests that the Court bar ZA Trucking from filing bankruptcy for a period of two years or such other period as the Court deems appropriate. This period is necessary to allow Douglas Transportation a reasonable opportunity to enforce its judgment in state court without the threat of another bankruptcy filing.

Courts have discretion to fashion the length of the refiling bar based on the circumstances. In re Frieouf, 938 F.2d 1099 (10th Cir. 1991). Here, given the timing of ZA Trucking's filing (less than one month after judgment), the improper venue selection, and the failure to notify, a substantial bar period is warranted to deter future abuse and protect Douglas Transportation's rights.

**d. Policy Rational Supports Barring Refiling**

The Bankruptcy Code is designed to provide a fresh start to honest but unfortunate debtors, not to provide a tool for judgment evasion. Permitting ZA Trucking to file bankruptcy in bad faith and then refile repeatedly would undermine the legitimacy of both the bankruptcy system and the state court judgment system.

Barring refiling serves the policies of deterring manipulation of the bankruptcy process, protecting creditor rights, and ensuring that bankruptcy relief is reserved for debtors who approach the system in good faith. The bar is a narrowly tailored remedy that addresses the specific harm caused by ZA Trucking's conduct while preserving access to bankruptcy for future debtors who file in good faith.

Section 349(a) authorizes this Court to bar ZA Trucking from refiling bankruptcy for cause. ZA Trucking's bad faith filing, improper venue selection, and failure to notify Douglas Transportation constitute cause for a refiling bar. Without such an order, Douglas Transportation faces the risk of serial bad faith filings designed to delay judgment enforcement. The Court should impose a bar period sufficient to allow Douglas Transportation a reasonable opportunity to enforce its judgment.

**WHEREFORE**, Douglas Transportation Services Inc. respectfully requests that this Court:

1. Deny ZA Trucking LLC’s motion to dismiss the bankruptcy; or, in the alternative, enter an order that ZA Trucking disclose all of its financial assets whether property, bank accounts, revenue, receivables, bank statements and all financial information to the bankruptcy court before any decision on the dismissal.
2. That by ordering that ZA Trucking disclose its assets and be barred from filing bankruptcy against, this would serve public policy to reinforce the principle that bankruptcy relief is available only to honest debtors, not those who deliberately harm others.
3. Grant the motion to dismiss only upon the condition that ZA Trucking pay Douglas Transportation Services Inc. the full amount of the judgment entered on April 10, 2026, instanter, including all accrued interest, costs, and fees;
4. Enter an order barring ZA Trucking from filing a subsequent bankruptcy petition for a period of at least two years or such other period as the Court deems appropriate;
5. Award Douglas Transportation its reasonable costs and attorneys’ fees incurred in connection with this objection; and
6. Grant such other and further relief as this Court deems just and proper

Respectfully submitted,

/s/ Tracy A. Coleman
Tracy A. Coleman
COLEMAN LAW GROUP LLC
P.O. BOX 641262
Gary, IN 46401
219-689-8589

CERTIFICATE OF SERVICE

I certify that on the 17TH day of July, 2026, a copy of the foregoing pleading and attachments was filed via the Clerk's electronic filing system and a copy of the foregoing pleading and attachments were served upon the parties of record via the Clerk's electronic notification system.

/s/ Tracy A. Coleman
Tracy A. Coleman