UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

ZA TRUCKING LLC,
Debtor.

CASE NO.: GL-26-01489-jtg
CHAPTER 7
HON.: JOHN T. GREGG
FILED: MAY 5, 2026

_______________________________________/

**DEBTOR'S ANSWER TO CREDITOR'S OBJECTION TO HIS MOTION TO VOLUNTARILY DISMISS CHAPTER 7 CASE**

**NOW COMES** the Debtor, by and through its attorney, Don E. Burch, and for his Answer states the following:

1. The Creditor cites 11 USC 349(a) & (b) sections 707(a) and 1112(b) for the Court to impose conditions on dismissal, but those sections do not state that bankruptcy courts have discretion to impose conditions on dismissal nor do they state such conditions that the Creditor requests. Further Section 1112(b) is for those cases filed pursuant to a Chapter 11.

2. As stated in Debtor's Motion, its principal place of business had not been located in Michigan for 180 days before the date the petition was filed.

3. Since this Court has no jurisdiction in this matter, then this Court has no jurisdiction to impose conditions.

4. None of the cases cited by the Creditor discuss conditions that the Court can impose on the Debtor when there is a lack of jurisdiction.

5. The totality of the circumstances do not demonstrate that ZA Trucking LLC filed this petition in bad faith to thwart this creditor.

6. Debtor's Motion stated that there was no bad faith in filing this petition for the following reasons:

a. The Debtor believed that since she lived in Michigan that she had to file the case here, thus she sought out a Michigan bankruptcy attorney.

b. The Debtor's attorney did not know that ZA Trucking LLC was and had been primarily operating in Indiana, as there were some confusing facts presented to him in this matter.

c. The Debtor's attorney did not know about the Creditor's lawsuit in Indiana against ZA Trucking LLC, thus the creditor was not listed or served with notice of the petition. Debtor's attorney did list two Michigan court lawsuits that he was made aware of, as he was given those court pleadings. Obviously this Debtor wants to list all creditors in its petition to ensure that all creditors get notice and that all of ZA Trucking LLC's debts will be discharged.

7. This dismissal will not prejudice the creditor, as the creditor can still pursue collection efforts against ZA Trucking LLC in the Indiana court as the Creditor got a judment for $551,040.72 and that Indiana court has jurisdiction in further actions, such as collections.

8. The Creditor requests that one condition of dismissal is to bar refiling of another petition, specifically an Indiana, Chapter 7 bankruptcy case, however this Court has no jurisdiction of this matter.

9. The Creditor states that this Court has inherent authority to fashion appropriate remedies, like barring refiling and full payment to the Creditor, but this Court has no jurisdiction of this matter.

10. The cases that the Creditor cite in support of said remedies were cases that the Court had appropriate jurisidiction for the initial filing of the Chapter 7, Chapter 11, and Chapter 13 bankruptcy cases, and thus had jurisdiction to issue further rulings in their cases.

11. The creditor is attempting to use this Bankruptcy Court to do a Debtor's examination / collect on the $551,040.72 judgment, as it states that if the Court declines payment as a condition of dismissal, then the Court should require the Debtor to post bond and disclose all of its assets

to ensure that Douglas Transportation Services Inc. can enforce its judgment upon dismissal.

**WHEREFORE,** the Debtor requests that this Court deny the Creditor's Objection and grant its motion to dismiss this case for lack of jurisdiction.

Respectfully submitted,

DON BURCH

Date: August 2, 2026

/s/ Don E. Burch
Don E. Burch (P48223)
DON E. BURCH P.C.
Attorney for Debtor
2196 Commons Parkway
Okemos, MI 48864
(517) 349-2700
donburch17@gmail.com